## ALLOWANCE TO A WIFE DIVORCED ON HER AGGRESSION.

Common Pleas Court of Summit County.

ETHEL MCCOLGAN v. PARK A. MCCOLGAN ET AL.

Decided, December 27, 1916.

*Husband and Wife—Action by Both for Divorce—Where They Are by Temperament Clearly Unsuited to Each Other—Allowance to the Wife Although the Decree is Given to the Husband—Allowance Made a Lien on an Estate in Expectation.*

1. A wife who has borne her husband five children and has carried her share of their common burden is entitled to an allowance out of the property of her husband, notwithstanding that her petition for a divorce has been dismissed and a decree has been granted to the husband on his cross-petition.

2. Where the estate of the husband is in the form of an inheritance in remainder, the present value of which is $6,000, the wife will be awarded one-third of said present value of the estate in expectation, and in addition an allowance for the maintenance of the child left in her custody, with judgment for money, with interest, loaned to him by her and not repaid; and the award so made will be declared a lien on the estate in expectation.

3. Personal property may be divided in gross, and where in the form of household goods and farm implements of equal value, the former may be awarded to the wife and the latter to the husband.

*Merle E. Rudy,* for plaintiff.
*Warren F. Selby* and *Hagelbarger & Doolittle,* contra.

MCCLURE, J.

This is an action for divorce brought by plaintiff, the petition alleging gross neglect and extreme cruelty, and the prayer is for divorce, the custody of minor children and an allowance of reasonable alimony.

The defendant has answered denying the allegations of cruelty and neglect and by way of cross-petition asking for a divorce and the custody of the children on the ground of gross neglect

of duty on the part of the plaintiff. The parties have been married ten years and five children were born of the marriage, three of whom are living. A separation occurred in July of the present year following a long period of domestic trouble. The parties have no property of any consequence in their possession, but the husband is seized of a two-fifths interest by way of remainder in certain real estate which comes to him by will from his father, J. S. McColgan, deceased, consisting of a farm and some city lots, which it is agreed are worth as a whole the sum of $30,000, the other three-fifths of the property having been devised to a sister of defendant, and the whole being subject to a life use in the widow of J. S. McColgan, deceased, with power to sell for her support if necessary.

The defendant is at present in receipt of an income of $35 per month under a contract with his mother to work said farm, which expires April 1st, 1917. He testifies that he will be able to earn $100 per month in other employment.

As to the specific charges of cruelty on the part of the defendant towards the plaintiff, the court finds that they are not supported by the weight of the evidence. The court further finds on the charge of gross neglect made by plaintiff against the defendant that plaintiff was provided with food and clothing suitable to her station in life, and that if there was neglect in procuring medical attendance at the time of the birth of children it was a neglect in which both parties shared and for which defendant is not to be held responsible. It follows that the plaintiff having failed to maintain the allegations of her petition the same is dismissed by the court.

The allegations of gross neglect made by the defendant in his cross-petition are found to be sustained by the weight of the evidence and the defendant is granted a decree of divorce from said plaintiff on the grounds of gross neglect of duty.

The court finds that the interests of the two older children, Mildred and Millard McColgan, will be best subserved by awarding their custody to the father, the defendant, Park A. McColgan, and it is accordingly so ordered. By reason of the infancy of the minor child, Ivan McColgan, his custody is awarded to the

plaintiff and the defendant is ordered to pay to the plaintiff for the support of said Ivan McColgan the sum of $10 per month until said child shall attain the age of 16 years, or until the further order of the court, commencing January 1, 1917.

While it is apparent to the court under the evidence in this case that there was a manifest failure on the part of the wife to fulfill her marital duties to her husband and children, it was by no means a total failure. She has contributed ten years of service to the common enterprise, has apparently taken her share, of the work and has borne the defendant five children. By temperament the parties are clearly unsuited to each other and should not have entered the marriage relation in the first instance.

The evidence discloses that the plaintiff out of a legacy which she received some time in April, 1907, up to about August 1, 1908, advanced to the defendant various small sums from time to time, taking his notes therefor, which amount in the aggregate with the accrued interest to the sum of $654.54, which it is conceded should be repaid by defendant to plaintiff, and judgment may be entered therefor.

The present worth of the interest of the defendant in the estate of his deceased father is computed at the sum of $6,000. It is ordered and adjudged by the court that there be set off and decreed to the plaintiff as and for her interest in her said husband's real estate, the sum of $2,000, and that the same together with the alimony for the support of the minor child and the judgment in her favor upon said notes, be made a charge upon said interest of said defendant in the real estate described in plaintiff's petition, under the last will of J. S. McColgan, deceased.

The personal property may be divided in gross, the household goods to the plaintiff, or such as she may desire, and the farming tools to the defendant. The defendant to pay the costs.